UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRONE RACING LEAGUE, INC., <br><br> Plaintiff, <br><br> -v- <br><br> TOY STATE INTERNATIONAL LTD., <br><br> Defendant. | No. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Drone Racing League, Inc. ("DRL"), by its attorneys Davis & Gilbert LLP, as and for its Complaint against defendant Toy State International, Ltd. ("Toy State"), hereby alleges as follows:

## INTRODUCTION

1. This is an action for breach of contract arising from Toy State's failure to pay $800,000 to DRL under a termination agreement. After Toy State failed to make a series of required payments under a sponsorship agreement and an intellectual property license, the parties mutually ended their business relationship under an agreement in which DRL released Toy State from its prior contractual obligations in exchange for installment payments totaling $800,000. Despite multiple payment demands, Toy State has failed and refused to make any of the required payments under the termination agreement, all of which are now due and owing.

**THE PARTIES**

2. DRL is a Delaware corporation with its principal place of business located at 40 West 27th St., New York, New York. DRL is a technology company that operates a professional drone racing league, in which pilots race custom-built, high-end radio-controlled drones through three-dimensional race courses.

3. Upon information and belief, at all relevant times, Toy State has been a Hong Kong limited company, with its principal place of business located in Kowloon, Hong Kong, Special Administrative Region. Toy State manufactures and distributes toys.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because DRL is a citizen of the State of New York; Toy State is a citizen of the Hong Kong Special Administrative Region of the People's Republic of China; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c)(2)-(3) because Toy State is a foreign company subject to jurisdiction in this District, and also because a substantial part of the events or omissions giving rise to DRL's claim occurred in this District.

**FACTUAL ALLEGATIONS**

6. DRL and Toy State were parties to a certain consumer products license agreement dated as of November 23, 2016 (the "License Agreement") and a certain sponsorship agreement dated as of December 5, 2016 (the "Sponsorship Agreement").

Under the License Agreement, DRL granted Toy State the right to manufacture and distribute various DRL-branded products in exchange for, among other things, certain minimum royalty payments.  Under the Sponsorship Agreement, Toy State was granted rights as a DRL sponsor in exchange for, among other things, certain sponsorship payments.

7. Toy State failed to make several required payments under the License Agreement and the Sponsorship Agreement.  As a result of Toy State's failure to meet its contractual obligations, the parties agreed to end their business relationship.

8. On or around June 30, 2018, DRL and Toy State entered into a Termination Agreement (the "Termination Agreement").  Under the Termination Agreement, DRL released Toy State from its obligations under the Sponsorship Agreement and the License Agreement in exchange for installment payments totaling $800,000.

9. The Termination Agreement contained a payment schedule that required Toy State to make two $100,000 payments on or before July 31, 2018 and August 31, 2018, followed by four $150,000 payments on or before September 30, 2018, October 31, 2018, November 30, 2018 and December 31, 2018.

10. The payment deadlines under the Termination Agreement came and went, and Toy State failed to make any of the required payments.  Despite multiple demands from DRL, Toy State has still not made a single payment and Toy State has represented to DRL that it is unable to make any of the payments.

11. DRL has been damaged by Toy State's failure to perform under the Termination Agreement.

## COUNT I
## (Breach of Contract)

12.     DRL repeats and incorporates by reference the allegations set forth in each of the preceding paragraphs as if more fully set forth herein.

13.     The Termination Agreement constituted a valid and binding agreement between DRL and Toy State.

14.     DRL performed all of its obligations under the Termination Agreement.

15.     Toy State has breached the Termination Agreement.

16.     DRL has demanded that Toy State pay the amounts owed pursuant to the Termination Agreement.  Toy State has failed and refused, however, to make any of the payments.

17.     DRL has been damaged by Toy State's breach of the Termination Agreement in the amount of $800,000.

WHEREFORE, Plaintiff Drone Racing League, Inc. demands judgment against Defendant Toy State International, Ltd. as follows:

(a)     Awarding DRL the sum of $800,000, with interest from July 31, 2018;

(b)     Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

DRL hereby demands a trial by jury as to all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated:      New York, New York
               November 21, 2019

                                          DAVIS & GILBERT LLP

                                          By:   */s/ Guy R. Cohen*
                                                 Guy R. Cohen
                                                 David S. Greenberg
                                          1740 Broadway
                                          New York, New York 10019
                                          (212) 468-4800
                                          gcohen@dglaw.com
                                          dgreenberg@dglaw.com

                                          *Attorneys for Plaintiff*