

1740 Broadway      T: 212.468.4800      www.dglaw.com
New York, NY 10019      F: 212.468.4888

Direct Dial: 212.468.4853
Email: gcohen@dglaw.com

January 16, 2020

**By ECF**

The Honorable Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
Room 240
New York, New York 10007

    Re:    *Drone Racing League, Inc. v. Toy State International, Ltd.*
              No. 1:19-cv-10797-VEC

Dear Judge Caproni:

      We represent Drone Racing League, Inc. ("DRL"), the plaintiff in the above-captioned matter. Pursuant to the Court's November 22, 2019 and December 30, 2019 orders (ECF Nos. 8 and 10), as well as § 3 of Your Honor's Individual Practices in Civil Cases, we submit this letter in advance of the Initial Pretrial Conference ("IPTC") scheduled for January 24, 2020. Because defendant Toy State's International, Ltd. ("Toy State") has failed to appear in this action, DRL submits this letter in lieu of a joint letter from the parties. In addition, given Toy State's failure to appear and the circumstances detailed below, DRL is not submitting a proposed Case Management Plan and Scheduling Order, unless the Court directs otherwise.

*Brief Description of the Case*

      This action concerns Toy State's breach of a termination agreement into which the parties entered after Toy State failed to make a series of required payments under a sponsorship agreement and an intellectual property license agreement. DRL is a technology company that operates a professional drone racing league, in which pilots race custom-built, high-end radio-controlled drones through three-dimensional race courses. DRL is a Delaware corporation with a principal place of business in New York City.

      In 2016, DRL entered into a licensing and sponsorship arrangement with Toy State, a manufacturer and distributor of various kinds of toys, including radio controlled vehicles. It is our understanding that Toy State is a limited company organized under Hong Kong law

Davis & Gilbert LLP

The Honorable Valerie Caproni, U.S.D.J.
January 16, 2020
Page 2

and headquartered in Hong Kong.  DRL and Toy State executed a consumer products license agreement dated November 23, 2016 (the "License Agreement") and a sponsorship agreement dated December 5, 2016 (the "Sponsorship Agreement").  The License Agreement granted Toy State the right to manufacture and distribute various DRL-branded products, such as lower-end radio controlled drones, in exchange for certain minimum royalty payments, among other things. The Sponsorship Agreement granted Toy State certain rights as a DRL sponsor in exchange for, among other things, certain sponsorship payments.

Toy State materially breached its obligations by failing to make required payments under both the License and Sponsorship Agreements.  As a result, on June 30, 2018, the parties entered into a termination agreement (the "Termination Agreement") that released Toy State from its obligations under the Sponsorship and License Agreements in exchange for monthly installment payments to DRL totaling $800,000.  The Termination Agreement's installment payment deadlines came and went, however, and Toy State never made any payments.  DRL repeatedly requested and then demanded payment.  Ultimately, Toy State represented to DRL that it was unable to make any payments, and DRL commenced this action on November 21, 2019 to collect the $800,000 due and owing under the Termination Agreement.

*Contemplated Motions*

DRL anticipates filing a motion for a default judgment.  On December 13, 2019, Toy State was duly served with the summons and complaint under Hong Kong law.  In addition, DRL provided courtesy copies of those papers both to Toy State's Hong Kong solicitors and a law firm in the United States that is representing Toy State in another case.  Toy State has failed to appear.  In addition, DRL has sent copies of the Court's November 22 and December 30 Orders to Toy State (at its registered address in Hong Kong) and to its Hong Kong solicitors.  No one has responded on Toy State's behalf.  Accordingly, a default judgment is warranted.

*Subject Matter Jurisdiction*

Subject matter jurisdiction over this matter is based on 28 U.S.C. § 1332.  This Court has diversity jurisdiction over the case because DRL is a Delaware corporation with a principal place of business in New York, and Toy State is a citizen of the Hong Kong Special Administrative Region of the People's Republic of China.  The amount in controversy – $800,000 – exceeds $75,000, exclusive of interest and costs.

DAVIS & GILBERT LLP

The Honorable Valerie Caproni, U.S.D.J.
January 16, 2020
Page 3

*Prospect for Settlement*

      Under the circumstances outlined above, this case is unlikely to be settled.

            \*     \*     \*

      We look forward to discussing this matter with the Court during the January 24, 2020 conference.

                              Respectfully submitted,

                              Guy Cohen

cc:    Toy State International, Ltd.